McKinney, J.,
delivered the opinion of the Court.
The complainant, as a judgment creditor of the defendant, Sharp, seeks by this bill, to subject a lot of ground, situate in the town of Trenton, to the satisfaction of said judgment. The Chancellor decreed for the complainant, and the defendant appealed.
The facts are as follows: The complainant’s judgment was obtained on the 27th of June, 1859, for $327.79, on account of money previously paid by him, as the surety of Sharp, as appears from the pleadings. Some time before the rendition of said judgment, to-wit: on the day of November, 1856, Sharp made a conveyance of said lot to the defendant, Talliaferro, in consideration that the latter had won the lot from the' former upon a bet, or wager, made between them, touching the result of a general election.
The argument for the appellants concedes, that, as between the immediate parties,- the conveyance was void, and *39 that Sharp might have avoided it, and recovered the lot; but it is insisted that if the conveyance be acquiesced in by the losing party, no creditor of his can be heard to, impeach or avoid the conveyance.
In this conclusion we do not concur. By our Statute “betting on elections” is declared to be “gaming.” And by the Act of 1799, ch. 8, every species of gaming contract is declared to be illegal and void; “and every conveyance or lease of land,” founded upon a gaming consideration, is made absolutely void.
The conveyance in the present case is, therefore, simply a nullity. Sharp is still seized of the estate and interest in the land, in exactly the same manner, and to the same extent, as if such conveyance liad never been executed by him, and might recover the possession again in an action of ejectment, as the void deed would form no obstacle in his way in a Court of Law, or upon a familiar principle, he might go into a court of Equity to have the void deed delivered up and cancelled, as being a cloud upon his title: Johnson vs. Cooper, 2 Yer., 524-580.
If, then, the land be still the property of Sharp, and if he could regain its-possession, would it not be absurd to maintain that his creditors cannot subject it to the satisfaction of their claims against him? The principle upon which they may do so is, perhaps, more obvious than in the case of a fraudulent conveyance made by a debtor, for the purpose of evading his creditors.
In this view, the decree is unquestionably correct. And it might likewise be maintained, as we think, upon the principle, that, as against the creditors of Sharp, the conveyance must be regarded as being voluntary and fraud ulent;
*40 But we need not discuss the case upon this principle, as the other is decisive.
Decree affirmed.